## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  JUSTIN SMITH and | |
| (2)  AMBER CARTER, | |
| Plaintiffs, | |
| v. | Case No. _____ |
| (3)  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and | Removed From District Court of Oklahoma County Case No. CJ-2013-5448 |
| (4)  MARK MUSE, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants, Allstate Vehicle And Property Insurance Company ("Defendant") and

Mark Muse ("Muse"), respectfully submit this Notice of Removal of the above-styled

action to the United States District Court for the Western District of Oklahoma, under

diversity jurisdiction.  This action was filed in the District Court of Oklahoma County,

Oklahoma and docketed as case number CJ-2013-5448.  Plaintiffs filed the original

Petition on October 2, 2013.  Defendant's removal is timely as it was not served until

December 16, 2013.

Copies of all pleadings and process filed in this action to-date are attached as

Exhibits 1 and 2.  A copy of the Docket Sheet from the State court action is also attached

as Exhibit 3.

## I.    DIVERSITY OF CITIZENSHIP

Subject matter jurisdiction exists under 28 U.S.C. § 1332 between Plaintiffs and

Defendant.  Plaintiffs are citizens of the State of Oklahoma.  (*See*, Ex. 1, ¶ 1).  Defendant

is an Illinois corporation with its principal place of business in Illinois.  (*Id*., ¶ 2).   Co-defendant Muse is a citizen of the State of Oklahoma.  (*Id*., ¶ 3).  However, the non-diverse party's current presence in this suit does not defeat Defendant's federally granted right of removal.  Mr. Muse should be dismissed or remanded to state court because Plaintiffs fraudulently joined him in this action.

      **A.**    **The Insurance Agent Has Been Fraudulently Joined[1] To Defeat Diversity Jurisdiction As Demonstrated By Numerous Recent Court Filings By Plaintiffs' Counsel.**

The present action is a "bad faith" case against a diverse insurance company. However, Plaintiffs' counsel has come up with a formula to artificially defeat diversity jurisdiction in such cases by joining local insurance agents who were involved in the sale of the policies in question, not the claim handling.  However, since insurance agents cannot be liable for claim handling, Plaintiffs' counsel's formula is to join the agent and make generic, boilerplate allegations using petitions containing no facts specific to any particular plaintiff's case.  These repetitive, bulky, "cut-and-paste" petitions are used to give the appearance of legitimate, viable claims against the agent even though such claims are not supported under Oklahoma law.

In just the last five months, Plaintiffs' counsel has filed <u>more than 20</u> separate lawsuits joining <u>more than 20</u> different local agents[2] from multiple insurance companies.

---

[1] Although referred to as the doctrine of "fraudulent joinder", a finding of actual fraud is not required.  "The issue, rather, is whether the claim against the nondiverse party is hopelessly lacking in merit—a condition which can, and often does, exist even in the absence of a fraudulent pleading."  *Redhat v. Gen. Binding Corp*., 2008 WL 1944711 (May 1, 2008, W.D. Okla.).

(Ex. 4)(listing cases and claims); *see also* Exhibits 5 through 26.  In **each** of these suits, the claims and allegations against the **more than 20 different agents** (regardless of company) are ***virtually identical even down to the wording and numbering of the paragraphs***.  (*Id.*)  According to Plaintiffs' counsel, ***every* agent made virtually the *same* misrepresentations and committed the *same* wrongful acts in the *same* manner and using the *same* words.**  At first glance, Plaintiffs' Petition looks substantive. However, the Petition, like all the others, contains virtually <u>no facts</u> specific to the particular situation that would allow a court to conclude that the agent is liable to Plaintiffs for the alleged misconduct during the sale of the policy or that has any connection to claim handling.  *See*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Plaintiffs' Petition fails to raise their claimed right to relief above the speculative level because it lacks specific factual allegations or viable claims against the agent.  *See*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  It is clear what Plaintiffs' counsel is doing—joining a local agent to defeat the diverse insurance carrier's federally granted right of removal using "cut-and-paste" boilerplate allegations of claims not recognized under Oklahoma law.

---

[2] The names of the different agents are (1) Art Baird; (2) Mike Bourland; (3) Jeff Keller; (4) Jim Chowins; (5) Mike Earles; (6) Janis Yearout Insurance Agent; (7) Rita Wallenberg; (8) Ken Shelton; (9) Ed Dater; (10) Terry Cavnar; (11) Barry Hale; (12) Brent Sadler; (13) Barry Bruns; (14) Cindy Massey; (15) Jennifer Bernardi; (16) Natalie Griffin; (17) Junior Ott; (18) Chuck Davis; (19) Michael Garey; (20) Mark Muse; and, (21) Monte Ubeda.

**B.      Plaintiffs Fraudulently Joined The Agent, Mark Muse, In This Action Because The Petition Fails To State A Viable Claim Against Him Under Oklahoma Law.**

The Court should enforce its diversity jurisdiction because Plaintiffs' counsel "fraudulently joined" purported "claims" against the agent, Mark Muse, in an effort to defeat Allstate's federally granted right of removal.   According to the United States Supreme Court, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).   "The joinder of a resident defendant against whom no cause of action is stated is patent sham…and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists…."  *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).  When fraudulent joinder is alleged, the Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Id.*, (citations omitted).

Here, the Petition alleges the following purported claims against Mr. Muse: breach of fiduciary duty; constructive fraud; and various allegations of negligence. However, the Petition fails to state <u>any viable</u> claim against Muse under Oklahoma law.

**1.      Plaintiffs' Breach Of Fiduciary Duty Claim Fails As A Matter Of Law Because An Insurance Agent Does Not Stand In Such A Relationship With An Insured.**

Oklahoma law is well-settled on this issue—an insurance agent <u>does not</u> have a fiduciary relationship with an insured.  *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 150 (Okla. Civ. App. 2013)(holding plaintiff failed to state claim against agent for breach of fiduciary duty); *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999)("There

are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer…."); *Silver v. Slusher*, 770 P.2d 878, 883 (Okla. 1988)(holding "[t]he relationship between the insured and insurer clearly is contractual in nature….").

Plaintiffs' allegation that they have a "special relationship" with Muse because of the "quasi-public nature of insurance [and] unequal bargaining power between Defendants and Plaintiffs" (Ex. 1, ¶ 62) has been rejected by Oklahoma courts. According to the Oklahoma Court of Civil Appeals, those factors "support an insurance company's implied duty of good faith and fair dealing" and not the creation of a fiduciary relationship with an agent.   *Cosper*, 309 P.3d at 150.   Further, even if a special relationship were to possibly exist (which it does not), Plaintiffs failed to allege any specific facts in the Petition to support such a relationship.

> **2.     The Constructive Fraud Claim Fails Because There Is No Duty To "Notify" An Insured About The "Nature" Of The Insurance Purchased;   Alleged   Misrepresentations   Regarding   Future Performance Of The Policy Do Not State A Claim; And, Plaintiffs Failed To Plead Fraud With Particularity.**

A "constructive fraud" claim requires the breach of an existing duty.  15 O.S. § 59; *Cosper,* 309 P.3d at 149-50.   However, Oklahoma law could not be more clear— "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs". *Rotan v. Farmers Ins. Group of Cos., Inc*., 83 P.3d 894, 895 (OK CIV APP 2004). *Cosper v. Farmers Ins. Co*., 309 P.3d 147, 149 (OK CIV APP 2013)(holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (OK CIV APP 2002)(holding no statutory or common law duty to

advise as to amount of insurance); *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988)(holding no duty to explain coverage terms to insured).  Consequently, Muse has no duty under Oklahoma law to "notify" Plaintiffs about the "nature and character" of their insurance or to provide "appropriate and adequate coverage".

There is also no allegation, much less supporting facts, in the Petition that Muse failed to obtain insurance on the house.  In fact, Plaintiffs <u>admit</u> that they "purchased" a "homeowner's replacement cost policy" from Defendant and that it was in effect at the time of the loss.  (Ex. 1, ¶¶ 6, 15).  Plaintiffs' failure to identify an existing duty recognized under Oklahoma law that was owed and breached by Muse is fatal to their constructive fraud claim.  *Cosper*, 309 P.3d at 149-50.

The constructive fraud claim fails because it rests upon alleged statements regarding the <u>future performance of the policy</u>.  (Ex. 1, ¶ 42(a-c, e, f).  Under Oklahoma law, a misrepresentation "must be regarding existing facts and <u>not to future events</u>." *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1282 (N.D. Okla. 2006)(*quoting, Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989).  Even if we assume for arguments sake that the alleged statements were made by Muse, Plaintiffs cannot reasonably be said to have "relied" on those statements because they received a copy of the Policy and are bound by Oklahoma law to read and know it.  (*Id.*, pp. 1282-83)(dismissing constructive fraud claim because plaintiffs received a copy of the policy).  Consequently, "[a]n action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." *Silver*, 770 P.2d at 882 n.8.

Plaintiffs' fraud claim also fails because it is based on an event that <u>never</u> <u>occurred</u>—the total loss of Plaintiffs' house.  (Ex. 1, ¶ 42(d)).  Plaintiffs have not alleged that their house was destroyed (because it was not) or that it cost more to replace the dwelling than the face amount of the Policy.  The replacement cost of Plaintiffs' house is <u>not</u> at issue in this case.  Therefore, they cannot reasonably be said to have relied on the alleged statements regarding the replacement cost of the dwelling, nor could they have been "damaged" by them.

Last, the fraud claim fails because Plaintiffs failed to plead facts with particularity as required by Federal Rule 9.  The Petition must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991).  At first glance, the Petition looks "bulky" with numerous paragraphs.  However, even a simple reading reveals that the Petition is repetitious, wordy and contains nothing more than allegations of <u>purported legal theories and conclusions</u>.  The problem with all of Plaintiffs' legal theories and conclusions is that they lack <u>any factual detail</u> necessary to state a viable constructive fraud claim in this case.  Consequently, the claim should be dismissed for failure to provide the required factual specificity.

> **3.     The Negligence Claims Fail Because An Agent Has No Duty Under Oklahoma Law To Advise An Insured Regarding Insurance Needs, Underwriting Needs Or Monitor A Policy For "Appropriate" Coverage.**

Both of Plaintiffs' negligence claims rest upon alleged acts or omissions regarding <u>terms</u> of coverage and/or the <u>amount</u> of coverage.  (Ex. 1, ¶¶ 32, 34, 35, 36, 52, 59).  As

discussed above, Muse has no duty to advise Plaintiffs regarding their insurance needs, including the amount of insurance.  (*See*, Prop. I(B)(2)).  Further, the unambiguous terms of the Policy, including the amount of stated coverage, directly contradict the generically alleged negligent oral statements and actions by Muse.  Oral discussions are merged into and superseded by the terms of a written agreement.  *Bonner v. Okla. Rock Corp*., 863 P.2d 1176, 1180 (Okla. 1993).  The Policy clearly sets forth in the provision entitled "How We Pay For A Loss" that Defendant's payment obligations are on an actual cash value basis until the insured repairs or replaces the damaged property and submits a claim for the difference.  (Ex. 27, pg. 19).  Since Plaintiffs possessed the Policy they are charged with knowledge of its terms and are bound by them.  *Slover,* 443 F.Supp.2d at 1281, 1283 (N.D. Okla. 2006).

Last, all allegations regarding calculating the "replacement cost of the dwelling" are obviously not applicable to this case for one simple reason—the house was not destroyed, thus the replacement cost of the dwelling was <u>never</u> triggered.  The conclusion is obvious—Plaintiffs' "negligence" allegations do not state a viable claim against the agent regarding the sale of the Policy nor should they be used to defeat Allstate's right to remove the claims against it for claim handling.

As demonstrated above, it is undisputed that Oklahoma law does not recognize Plaintiffs' claims against Muse, thus the Petition fails to state any claim against him.  Amendment would clearly be futile.  Therefore, the removal of this action to federal court is proper as there is diversity of citizenship between the appropriate parties.  The Court

should protect its diversity jurisdiction by dismissing or remanding Muse to state court pursuant to Fed.R.Civ.P. 21.

## II.    REQUISITE AMOUNT IN CONTROVERSY.

Jurisdiction is also proper under the diversity statute because far more than the requisite amount in controversy, exclusive of interests and costs, is in dispute. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, the jurisdictional amount is clearly met as the Petition demonstrates that Plaintiffs are seeking more than $450,000.00 in alleged damages ($75,000.00+ for each claim). (Ex. 1, ¶¶ 19, 25, 40, 49, 60, 65). In addition, Plaintiffs also seek (a) punitive damages, and (b) attorney fees. (*Id*., pg. 13, Prayer For Relief). Thus, the statute's jurisdictional amount is clearly met.

## CONCLUSION

The United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to federal court. Defendant requests that the Court dismiss or remand all alleged claims against Muse pursuant to Fed.R.Civ.P. 21. In addition, dismissal or remand is proper because Plaintiffs have wrongfully joined claims against Muse in order to defeat Defendant's right of removal. Therefore, Defendant requests that the Court assume original jurisdiction of this action and proceed with it to completion.

Respectfully submitted,

_s/ RONALD L. WALKER_____
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
TOMLINSON · RUST · MCKINSTRY · GRABLE
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:   877/917.1559
ronw@TRMGlaw.com
jerryn@TRMGlaw.com

*Attorneys for Defendants Allstate Vehicle And*
*Property Insurance Company and Mark Muse.*


## CERTIFICATE OF SERVICE

☑      I hereby certify that on the 7th day of January 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Jeff D. Marr, OBA # 16080
Carole Dulisse, OBA # 18047
Marr Law Firm
4301 Southwest Third Street, Suite 110
Oklahoma City, OK 73108
Telephone:  (405) 236-8000
Facsimile:  (405) 236-8025
Email:  jeffdmarr@marrlawfirm.com
           cdulisse@marrlawfirm.com
*Attorneys for Plaintiffs*

_s/ RONALD L. WALKER_____