# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUSTIN SMITH and <br> AMBER CARTER, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) | NO. CIV-14-0018-HE |
| | ) | |
| ALLSTATE VEHICLE AND PROPERTY <br> INSURANCE COMPANY and MARK <br> MUSE, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Justin Smith and Amber Carter filed this action in state court against their insurer, Allstate Vehicle and Property Insurance Company ("Allstate"), and Mark Muse, an Allstate agent who sold plaintiffs their homeowner's insurance policy. Plaintiffs' property was damaged by the May 2013 tornado that struck Moore, Oklahoma. They have sued defendants based on Muse's asserted conduct in conjunction with their purchase of the policy and on Allstate's handling of their claim. Plaintiffs assert breach of contract and bad faith claims against Allstate and negligent procurement of insurance,[1] negligent misrepresentation/constructive fraud and breach of fiduciary duty claims against both Allstate and Muse.

Defendants removed the action, claiming the court has diversity jurisdiction despite plaintiff and defendant Muse both being citizens of the State of Oklahoma. Defendants claim Muse was fraudulently joined to defeat jurisdiction and he has filed a motion to dismiss.

---

[1] *Plaintiffs assert a general negligence claim in their fourth cause of action, but it appears to be essentially the same as their negligent procurement claim.*

Plaintiffs have filed a motion to remand, contending the court lacks subject matter jurisdiction because of the nondiverse defendant. As the court concludes defendants have established fraudulent joinder, plaintiffs' motion to remand will be denied and defendant Muse's motion to dismiss will be granted.

"[T]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." Roe v. General American Life Ins. Co., 712 F.2d 450, 452 n.* (10th Cir. 1983). However, case law places a heavy burden on the party claiming fraudulent joinder. Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013). After disputed questions of fact and ambiguities in the controlling law are resolved in favor of the non-removing party, the court then determines whether "'that party has any possibility of recovery against the party whose joinder is questioned.'" Montano v. Allstate Indem., 2000 WL 525592, at *1 (10th Cir. 2000) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 Fed.Appx. 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* Where fraudulent joinder is claimed, courts must "'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Id.* (quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir.1964)). Having considered the allegations in the petition, the supplemental information and allegations in the parties' briefs and the applicable law, the court concludes none of plaintiffs' claims against Muse, the non-diverse

defendant, is "possibly viable." Montano, 2000 WL 525592, at *2.[2]

Plaintiffs essentially rely on the same allegations to support their negligence, negligent misrepresentation/constructive fraud and breach of fiduciary duty claims against Muse. They allege that the insurance they requested "was not procured as promised and Plaintiffs suffered a loss." Doc. #1-1, ¶33. They also contend Muse represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation," knowing that was not true, failed to advise them they had to partially pay to replace property before "they could actually recover the replacement costs benefits," and procured a policy that did not "serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of Plaintiffs' dwelling." *Id.* at ¶34. Finally, plaintiffs assert Muse "had a duty to accurately inform Plaintiffs of all coverages, benefits, limitations, risks and exclusions," and a duty "to monitor and review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage," which he breached. *Id.* at ¶¶35,36.[3] None of these allegations suffice to state a valid claim against defendant Muse.

---

[2]*Plaintiffs argue that defendants have applied the wrong standard of review to establish fraudulent joinder. Regardless of whether the "clear and convincing" or some lesser standard applies, defendants have satisfied it. See Dutcher, 733 F.3d at 988 ("'The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.'") (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir.1998)); Mitchell v. Ford Motor Co., 2005 WL 1657069, *2 (W.D. Okla. July 5, 2005) ("A removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence.").*

[3]*The court notes that, because plaintiffs filed this action in state court, they pleaded their claims under state, rather than federal, pleading standards. To the extent there is a difference and the federal standard is more exacting, the court does not find that it affects the resolution of the pending motions.*

3

The Oklahoma Court of Civil Appeals held in Swickey v. Silvey Cos., 979 P.2d 266, 269 (Okla.Civ.App. 1999) that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss."[4] However, the Oklahoma appellate court subsequently "decline[d] to extend Swickey and impose a duty upon an insurer to provide an 'adequate amount' of coverage," when an insurance company and its agent "did not fail to procure insurance for Plaintiffs." Cosper v. Farmers Ins. Co., 309 P.3d 147, 149 (Okla.Civ.App. 2013). In reaching that conclusion in Cosper, the court noted that the plaintiffs "did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount."[5] *Id.* The Cosper court also determined that "'[i]nsurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs.'" *Id.* (quoting Rotan v. Farmers Ins. Group of Cos., 83 P.3d 894, 895 (Okla.Civ.App. 2004)).

While plaintiffs contend they never acknowledged or signed the application that was submitted to obtain their policy, they do not assert that the amount of insurance selected was different from what they discussed with Muse or that they had asked for a different type of policy. *See* Swickey, 979 P.2d at 268 ("[T]o prevail on a claim [against an insurance agent]

---

[4]*The court cites decisions of the Oklahoma Court of Civil Appeals for their persuasive value. See 20 Okla. Stat. § 30.5 (("No opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter.").*

[5]*The court did find in Cosper that "nothing in the record show[ed][that the agent] played any part in setting a coverage limit," Cosper, 309 P.3d at 149, but that finding does not appear to have been essential to its conclusion that an insurer is not obligated to provide an "adequate amount" of coverage. Id.*

4

for breach of contract to procure insurance , a plaintiff must show that the insurance agent agreed to procure insurance coverage ... of a certain breadth, and then failed to do so."). Plaintiffs do state that the insurance procured did "not accurately reflect the replacement cost" of their dwelling." However, as noted earlier, the Oklahoma courts have explicitly refused to "impose a duty upon an insurer to provide an 'adequate amount' of coverage" when the insured "did not request a specific amount of coverage." Cosper, 309 P.2d at 149. Because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for his conduct in conjunction with the procurement of their policy fails.

Plaintiffs also contend that Muse is liable because he allegedly misrepresented that the policy provided that their home and personal property would be replaced without any deduction for depreciation and he failed to advise them that Allstate would not pay replacement cost benefits until the property had been replaced. The policy did, though, provide for replacement without depreciation, if the insured "repair[ed], rebuil[t] or replace[d] damaged [or] destroyed ... property within 180 days of the actual cash value payment." Doc. #22-1. That leaves the question of whether plaintiffs have a viable claim against Muse based on his asserted failure to advise them of the policy's two step payment process to receive the replacement value of damaged property.

The policy provided that Allstate would pay the actual, depreciated value of damaged property at the time of the loss,[6] but that payment of the cost of replacing the property would

---

[6]*When considering a motion to dismiss, courts may, without converting the motion into one for summary judgment, "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Alvarado*

occur only after it had actually been repaired or replaced. While plaintiffs assert Muse had a duty to explain the process for receiving replacement cost benefits, they cite no Oklahoma authority imposing such a duty on an insurance and the court is aware of none.

Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage. *E.g.*, Bell v. Allstate Ins. Co., 2005 WL 1353527, *9 (E.D. Pa. May 31, 2005) (insurer was not vicariously liable for agent's alleged negligent failure to explain "that the Policy would only provide coverage if he resided at the Property at the time of any loss," because agent "did not have a duty to counsel [the insured] about the collateral consequences of his homeowner's policy coverage"); *see generally* Silver v. Slusher, 770 P.2d 878, 883 (Okla. 1989) ("As offeror, Farmers had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring UM coverage."). Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she generally is not obligated to explain the policy terms to the insured. Rather, under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions, unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." National Fire Ins. Co. Of Hartford v. McCoy, 239 P.2d 428, 430 (Okla.1951) (internal quotations omitted). Plaintiffs do not assert they specifically asked

---

*v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir.2007) (internal quotations omitted). Further, as noted above, resolution of "fraudulent joinder" issues permits the court to pierce the pleadings and rely on all available information. Plaintiffs do not dispute the authenticity of the policy provisions attached to defendant Muse's motion to dismiss and defendants' response to plaintiff's motion to remand.*

Muse about the policy's payment terms or that he affirmatively misrepresented what they had to do to obtain replacement cost benefits. Based on the facts pleaded in the petition and the further factual matters plaintiffs assert they could prove, the court concludes that Muse did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.

As the allegations in the petition are insufficient to demonstrate that Muse breached a general duty owed plaintiffs, their constructive fraud/negligent misrepresentation claim, which requires a breach of duty, fails.[7] *See* 15 Okla. Stat. § 59; Silver, 770 P.2d at 882 n.11 ("Although constructive fraud need not involve intent to deceive and may be based on a negligent or innocent misrepresentation, it requires a breach of some legal or equitable duty").

Plaintiffs' breach of fiduciary duty claim also fails, as the Oklahoma courts have not imposed a fiduciary duty on an insurance agent "to a prospective insured, or to an established customer with respect to procurement of an additional policy," Swickey, 979 P.2d at 269; Cosper, 309 P.3d at 150, and the facts pleaded do not warrant extending the law to impose a fiduciary duty here.

Defendants have established fraudulent joinder, as they have shown the "inability of the plaintiff[s] to establish a cause of action against the non-diverse party in state court." Dutcher, 733 F.3d at 988. Accordingly, plaintiffs' motion to remand [Doc. #13] is **DENIED**. Defendant Muse's motion to dismiss [Doc. #12] is **GRANTED** and plaintiffs' claims against

---

[7]*To the extent Muse correctly interprets plaintiffs' allegations in Doc.#1-1, ¶42, §§d-e, which are somewhat unclear, the court agrees that plaintiffs cannot recover for alleged misrepresentations made regarding coverage for a total loss when their home was not totally destroyed.*

7

him are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE